## SHEETZ, Admr v DAGER & CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2276. Decided March 30, 1933

Leo Walters, Columbus, and Thomas H. Clark, Columbus, for plaintiff in error.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, Pomerene & Boulger, Columbus, for defendant in error, The American Surety Company of New York.

Mark A. Copeland, Cleveland, appearing as Amicus Curiae.

Charles S. Druggan, Columbus, also appearing as Amicus Curiae.

KUNKLE, J.

Counsel have favored the court with unusually exhaustive briefs. The decisions of this and also of sister states, and of the United States Courts are cited and discussed at considerable detail.

To attempt to review all or even a considerable portion of the authorities so cited would be impracticable.

We have examined what we consider the controlling authorities cited by different counsel, but will content ourselves with merely announcing the conclusion at which we have arrived after such examination.

In brief, however, the question for determination is, did the extension application which was filed by J. R. Dager & Company in 1926, and upon which the defendant, The American Surety Company of New York, was surety, create an additional liability in the sum of $10,000.00, or did such renewal simply extend the time during which the former liability could be asserted

without increasing the Surety Company's liability beyond the total sum of $10,000.00.

The renewal instrument filed in 1926, and which was approved by the then Commissioner of Securities, among other things contained the following provision:

"It is hereby mutually understood and agreed by and among the parties hereto that this bond is in continuation of but not in addition to that certain bond in the sum of $10,000.00 executed by said American Surety Company of New York on behalf of J. R. Dager & Company as a dealer in stocks, bonds and other securities and bearing date on or about the 11th day of March, 1925, and that the liability of the surety under either or both of the said bonds shall in no event exceed the sum of $10,000.00."

The statute in effect at the time this cause of action arose, being §6373-3 GC, provided in substance that every applicant for a dealer's license should execute and file a bond to the State of Ohio in such sum, in no case to be less than $10,000.00, and with such surety as the commissioner required.

Sec 6373-4 GC, provided in substance that if the commissioner was satisfied of the good repute in business of such applicant and named agents, he should, upon the payment of an annual fee of fifty dollars and an additional fee of five dollars for each agent named in the application, register the applicant as a licensed dealer in such securities and issue a license containing the name of the applicant and all such agents, renewable annually upon the payment of such annual fee unless revoked as provided in the Act.

Sec 6373-5, GC, provided in substance that such renewal license should be taken out at the beginning of each calendar year.

There is no question but that the Surety Company expressly limited its liability to the sum of $10,000.00, and the pleadings concede that liability to that extent has been paid.

It is apparent that the Commissioner approving this bond was of opinion that the bond of the American Surety Company, limiting its liability to $10,000.00 was in compliance with the statute. Reference is made to the subsequent amendment of this section in April of 1927, providing that the application shall cover the original license and renewals thereof.

The reason for the enactment of this amendment in 1927 is discussed by counsel and wholly different conclusions are drawn from such amendment.

Whether the amendment was or was not a wise enactment is not for this court to determine, but it is apparent to us that the reason for the amendment was to permit beyond any question a continuation of the practice which had been approved by the Commissioner for a considerable length of time. Different opinions of the then Attorney General of Ohio are cited and discussed.

From a review of the authorities we can not escape the conclusion that the liability under the bond in question was limited to $10,000.00. Entertaining these views, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.