Phil S. Bradford, Columbus, Lowry E. Sater, Columbus, and Charles S. Druggan, Columbus, for defendant in error.

## ROUCH v INDEMNITY INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2512. Decided April 12, 1935

## OPINION

By BARNES, J.

The sole question in this case for determination may be stated as follows:

Did the renewal bond of The Indemnity Company constitute an additional $10,000.00 indemnity for each year or were the provisions of the continuation stipulation providing that the renewal should not be cumulative, effective under the law?

The original Blue Sky Law, as enacted in April, 1913, contained no provisions requiring bond of dealers or agents. In 1923 the act was amended and provision for bond was provided under sub-section C of §6373-3, GC, which reads as follows:

"Every such applicant shall execute and file a bond to the State of Ohio * * * in no case to be less than $10,000 * * *. Such bonds shall be conditioned upon the faithful observance of all of the provisions of this act and shall also indemnify any purchaser of securities from such dealer or agent who suffers a loss by reason of misrepresentations in the sale of such security by such dealer or agent. * * *"

In March, 1927, upon request of the then Attorney General, Honorable Edward C. Turner, he released an opinion in effect that the previous practice of the Commissioner of Securities to accept continuation certificates as distinguished from new bonds,

upon the renewal of the license of a previously licensed dealer, was questioned. Following this opinion, the above section of the law was again amended as follows:

"Every such **original** applicant shall execute and file a bond to the State of Ohio * * * in no case to be less than $10,000 * * *. Such bonds shall be conditioned upon the faithful observance of all of the provisions of this act and shall also indemnify any purchaser of securities from such dealer or agent who suffers a loss by reason of misrepresentation in the sale of such security by such dealer or agent **and shall cover original license and renewal thereof.**" (New language added by the amendment of 1927 black face).

No amendments or changes have been made in the above section or any other part of the act pertinent to the present inquiry since the amendment of 1927.

This court had the identical question before it in the case of **Sheetz, Administrator v J. R. Dager & Company,** reported in **Volume 46, Oh Ap, page 32 (14 Abs 603).** The second syllabus reads as follows:

"Surety's liability under bond, given by securities dealer filing extension application 'in continuation of but not in addition to' previous bond in stated sum, held limited to such sum. (§§6373-3 to 6373-5, GC)."

Application for certification to the Supreme Court was denied July 14, 1933.

The transaction involved in the Sheetz, Administrator, case, was prior to the amendment of April, 1927.

The transactions in the instant case are subsequent to amendment and this is urged as an added support for our previous holding.

Counsel for plaintiff in error have filed very voluminous and exhaustive briefs in support of their contention that the proper construction of the Blue Sky Law relative to dealers' and agents' bonds should require an annual bond, just as the act requires an annual dealers' and agents' license.

We at all times have had in mind the line of decisions in Ohio and other jurisdictions to the effect that where statutory bonds are provided the provision of the law becomes an integral part of the bond, even though the language of the bond may not contain all the indemnity provisions of the act.

Wherever a bond is given as an intended compliance with a statutory requirement, all indemnity provisions of the enactment will be read into the law.

Applying this principle to the instant case, it must be noted that the Indemnity Company expressly stipulated that its bond was not cumulative and the Commissioner of Securities has always so construed the indemnity provisions of the law.

Whatever doubt may have existed in the law under the original enactment has certainly been removed under the amendment of 1927.

We have given very careful consideration to the very able argument presented in brief of counsel for plaintiff in error, but we find no adequate reason to modify or change our previous conclusions.

Another question raised by counsel for plaintiff in error is that interest and costs should not be considered in the computation of amounts paid by the defendant in error through which the total amount of the bond was exhausted. We do not think the Ohio authorities support counsel's contention.

The second defense of the amended answer also sets out in similar detail that the $2500.00 agent's bond was exhausted through judgments and payment.

Finding no prejudicial error, the judgment of the lower court will be affirmed. Costs will be awarded against plaintiff in error. Exceptions will be allowed.

KUNKLE, PJ, and HORNBECK, J, concur.